LAFONZA E. AND JOAN A. WASHINGTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Washington v. Commissioner
Docket No. 30689-88
United States Tax Court
T.C. Memo 1990-386; 1990 Tax Ct. Memo LEXIS 408; 60 T.C.M. (CCH) 258; T.C.M. (RIA) 90386; July 25, 1990, Filed *408 Decision will be entered for the respondent. Lafonza E. Washington, pro se. Elias T. Majoros, for the respondent. HAMBLEN, Judge *409 . HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined a deficiency of $ 5,727.80 in the Federal income tax of Lafonza and Joan Washington for 1985. The only issue to be decided is whether petitioners are entitled to deduct $ 39,000 as a casualty or theft loss attributable to the eviction of petitioners from their residence. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners, Lafonza and Joan Washington, are husband and wife whose legal residence was in Flint, Michigan when they filed their petition. In 1977, petitioners purchased a house at 6405 Karen Street, Flint, Michigan, for $ 28,417 with a down payment of $ 1,650. The Mid-States Mortgage Company (hereinafter Mid-States) owned the mortgage on the Karen Street property. Each month, petitioners paid Mid-States a total of $ 276 which included the principal and interest due on the loan, and payments to an escrow account kept by Mid-States to pay local taxes and insurance on the property. Petitioners used the Karen Street property exclusively as a residence. *410 In April 1978, Mid-States sold the mortgage on the Karen Street property to Foundation Capital Corporation (hereinafter Foundation) and informed petitioners of the sale. In February 1979, Foundation erroneously calculated the escrow account portion of petitioners' payments and reduced their total monthly payments from $ 276 to $ 219.97. Based on the erroneous calculation, petitioners paid Foundation $ 219.97 a month through 1979. In December 1979, Foundation sold the mortgage on the Karen Street residence to Lomas and Nettleton Company (hereinafter L & N) and told petitioners to send their future mortgage payments to L & N. In February 1981, L & N discovered that Foundation had mistakenly reduced the escrow account portion of petitioners' mortgage payments, and demanded that petitioners pay the negative balance of $ 1,133 over the next fourteen months. L & N also reinstated petitioners' original escrow account obligation. Because petitioners refused to increase their monthly payments to L & N beyond the $ 219.97 they had been paying, L & N sold the Karen Street property in a foreclosure sale on January 15, 1982, while petitioners were still living there. Petitioners unsuccessfully *411 challenged the foreclosure sale in Federal District Court and Bankruptcy Court for the Eastern District of Michigan. L & N told petitioners that they had until July 15, 1982 to redeem the property from foreclosure by paying the entire debt plus interest. Because petitioners did not pay the debt, L & N evicted them from the Karen Street residence on January 14, 1985, pursuant to an order of the 68th District Court of Detroit, Michigan. Petitioners filed a joint 1985 Federal income tax return on which they claimed a $ 39,000 miscellaneous deduction for the property lost or damaged during the eviction. A notation on line 22 of petitioners' return, next to the $ 39,000 deduction, says "Chattel property loss deferred until 1986. (See Attachments, pictures, appraisal, and writ.)" Attached to petitioners' return are several photographs of the Karen Street residence, an appraisal report indicating that the 1980 fair market value of the residence was approximately $ 39,000, and petitioners' list of "Damaged Property" including many pieces of furniture and appliances from the residence. Petitioners filed an amended return on which they changed the $ 39,000 miscellaneous deduction to a *412 $ 39,000 casualty or theft loss deduction. On October 5, 1988, respondent issued a statutory notice of deficiency to petitioners disallowing the entire $ 39,000 deduction. Petitioners filed their petition on November 21, 1988, requesting a redetermination of their income tax liability. OPINION The only issue is whether petitioners are entitled to deduct $ 39,000 from their 1985 income as a casualty or theft loss under section 165(c)(3). [1] Petitioners contend that their eviction from the Karen Street residence in January 1985 was unlawful, that many pieces of furniture were either destroyed or stolen during the eviction, and that they are, therefore, entitled to a casualty or theft loss deduction. Respondent maintains that regardless of whether any real or personal property was damaged or lost during the eviction, petitioners are not entitled to the deduction because they did not suffer a casualty or theft loss within the meaning of section 165(c)(3). We agree with respondent. *413 Section 165(a) allows as a deduction from income "any loss sustained during the taxable year and not compensated for by insurance or otherwise." Other than losses incurred in a trade or business, or losses incurred in transactions entered into for profit, individuals are limited to deducting losses that arise from casualties or from theft. Sec. 165(c)(1)-(3). In general, deductions are a matter of legislative grace and petitioners bear the burden of proving that all the requirements of their claimed deductions are satisfied. New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934); Rule 142(a). We are not persuaded that the eviction of petitioners from their home constitutes a deductible casualty loss under section 165(c)(3). Deductions for casualty losses are limited to losses caused by some sudden, unexpected, and external force such as a fire, storm, shipwreck, or other accident. *414 White v. Commissioner, 48 T.C. 430 (1967). We have previously held that a taxpayer is not entitled to a casualty loss deduction under 165(c)(3) for household furniture that is repossessed because the taxpayer has defaulted in loan payments. Vance v. Commissioner, 36 T.C. 547, 551 (1961). Petitioners' purported loss of their home and furnishings in their eviction was not caused by any sudden, unexpected, and external event, but by their own failure to make the proper payments on their mortgage loan. Accordingly, petitioners are not entitled to deduct the value of their home and furnishings as a casualty loss on their 1985 income tax return. Moreover, we are unpersuaded by petitioners' argument that the real and personal property they allegedly lost in their eviction is deductible as a theft loss. In order to qualify as a deductible theft loss under section 165(c)(3), petitioners' property loss must qualify as a theft under local law. Monteleone v. Commissioner, 34 T.C. 688, 692 (1960). Although petitioners allege their eviction was unlawful, *415 they have failed to show that the Karen Street house or its contents were stolen, or that they were the owners of the purportedly stolen property in 1985. Allen v. Commissioner, 16 T.C. 163, 166 (1951). To the contrary, we note that L & N evicted petitioners pursuant to a court order. There was no theft since L & N "proceeded under a lawful authorization or at least the color of legal authority," and had no criminal intent. Rafter v. Commissioner, 60 T.C. 1, 13 (1973); Johnson v. United States, 291 F.2d 908, 909 (8th Cir. 1961). Accordingly, we find that petitioners are not entitled to either a casualty loss or a theft loss deduction under section 165(c)(3). Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩