974 F.2d 1339
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LaFonza E. and Joan A. WASHINGTON, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 91-2143.
 United States Court of Appeals, Sixth Circuit.
 Sept. 1, 1992.
 
 Before MERRITT, Chief Circuit Judge, and MILBURN and RALPH B. GUY, Jr., Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioners Lafonza E. Washington, Sr. and Joan A. Washington ("taxpayers") appeal the decision of the Tax Court which affirmed a determination by the Commissioner of Internal Revenue of a deficiency in taxpayers' federal income taxes for 1986 in the amount of $6,866.00. The Tax Court also affirmed the determination that taxpayers were liable for an addition to tax under 26 U.S.C. § 6661 in the amount of $1,716.50 for substantially understating their tax liability. On appeal, the principal issues are (1) whether the Tax Court correctly denied taxpayers a theft loss deduction for the tax year 1986 for property that taxpayers alleged they discovered to be stolen in 1984 and 1985, and (2) whether the Tax Court correctly found taxpayers liable for the 25 percent addition to tax under 26 U.S.C. § 6661, which is imposed for a substantial understatement of tax. For the reasons that follow, we affirm.
 
 I.
 
 2
 This case was presented to the Tax Court on a stipulation of facts and on the testimony of Lafonza Washington, Sr. The material facts are not disputed.
 
 
 3
 Taxpayers purchased a home in Flint, Michigan, in 1977, but, due to their failure to pay their monthly mortgage payments, the mortgagee conducted a foreclosure sale in 1982. The mortgagee attempted to evict taxpayers from the property on October 25, 1984, but that eviction was restrained by a state court and was not carried out until January 14, 1985.
 
 
 4
 On their joint 1985 federal income tax return, taxpayers claimed a $39,000 miscellaneous deduction that they attributed to the eviction.[1] A notation on line 22 of the return stated, "[C]hattel property loss deferred until 1986." On their joint federal income tax return for 1986--the tax year here at issue--taxpayers claimed a $38,000 "chattel property loss" deduction. They attached a schedule listing items of "destroyed property" and a calculation of that property's alleged value.
 
 
 5
 On May 24, 1989, the Commissioner issued a statutory notice of deficiency disallowing taxpayers' $38,000 deduction in full. This disallowance resulted in a deficiency in the taxpayers' federal income tax of $6,866.00. The Commissioner also determined that taxpayers were liable for the addition to tax under 26 U.S.C. § 6661 for substantially understating their income tax.
 
 
 6
 Taxpayers filed a petition in the United States Tax Court challenging the Commissioner's determinations. In the Tax Court, Lafonza Washington testified that some of taxpayers' scheduled property was stolen at the time the mortgagee first attempted to evict taxpayers from their house on October 24, 1984, and that the remainder was stolen during the successful eviction on January 15, 1985. He further testified that he and his wife became aware of the thefts on the day on which they occurred. On this evidence, the Tax Court sustained the Commissioner's determinations. This timely appeal followed.
 
 II.
 A.
 
 7
 This court has jurisdiction of this appeal under 26 U.S.C. § 7482(a). The Tax Court's findings of fact are affirmed unless clearly erroneous, and its determinations of legal questions are reviewed de novo. Rose v. Commissioner, 868 F.2d 851, 853 (6th Cir.1989); Roth Steel Tube Co. v. Commissioner, 800 F.2d 625, 629 (6th Cir.1986), cert. denied, 481 U.S. 1014 (1987).
 
 B.
 
 8
 Most of the numerous issues raised on appeal by taxpayers were never raised in the Tax Court. For example, petitioners contend that the Tax Court violated their Fourteenth Amendment rights, and that it "failed to consider" their rights under 42 U.S.C. § 1982, and their civil rights in general, their rights under the Fair Housing Act, the National Housing Act, the Technical and Miscellaneous Revenue Act of 1988, the Omnibus Taxpayer Bill of Rights, and their rights under various and numerous provisions of Michigan law concerning foreclosure sales and evictions.
 
 
 9
 This court does not consider the issues raised for the first time at the appellate level.
 
 
 10
 It is well-settled that, absent exceptional circumstances, a court of appeals will not consider an argument by an appellant that was not presented to or considered by the trial court.
 
 
 11
 Estate of Quirk v. Commissioner, 928 F.2d 751, 757-58 (6th Cir.1991). Thus, as these issues were not raised in the trial court, we will not address them.
 
 C.
 
 12
 The Tax Court disallowed the personal property losses claimed by taxpayers because 26 U.S.C. § 165(e) provides that "any loss arising from theft shall be treated as sustained during the taxable year in which the taxpayer discovers such loss." Lafonza Washington testified that he and his wife discovered the alleged losses in question during tax years 1984 and 1985, and on that evidence the Tax Court held that those losses could not be taken in 1986, the tax year in which taxpayers attempted to take them. In so holding, the Tax Court merely applied the express language of 26 U.S.C. § 165(e) to conclude that petitioners did not suffer a theft loss of any kind in 1986. This holding is not clearly erroneous.
 
 
 13
 The Tax Court also held that Lafonza Washington's testimony about how the losses occurred was "singularly unconvincing." Washington testified that approximately one-half of his property disappeared during the course of the attempted eviction in 1984 and that the remainder disappeared during his eviction in 1985. The Tax Court disbelieved this testimony, in part, because there was no evidence that taxpayers reported the thefts to police. However, the evidence did show that petitioners were accompanied by police officers during the evictions, and the Tax Court found it difficult to accept the events described by Washington under such circumstances. The Tax Court found it "inconceivable that the entire contents of a home including such items as refrigerators, heavy pieces of furniture, a washer and drier, a furnace and hot water heater, a variety of beds, and a piano were casually pilfered by chance pedestrians and 'curiosity seekers.' " The Tax Court rejected Washington's testimony and concluded that he had failed to show that any theft occurred within the meaning of the statute.
 
 
 14
 A taxpayer claiming a deduction bears the burden of proving that he meets all the requirements for that deduction. Estate of Quirk, 928 F.2d at 759. He must also carry the burden of showing all the facts necessary to support the claimed deduction. Welch v. Helvering, 290 U.S. 111, 114 (1933).
 
 
 15
 Where a taxpayer attempts to carry these burdens with self-serving testimony uncorroborated by other evidence that would normally be available, the Tax Court may make the determination that the taxpayer's testimony is not credible. Davis v. Commissioner, 866 F.2d 852, 859 (6th Cir.1989). The Tax Court's rejection of Lafonza Washington's unsupported, self-serving, and inherently incredible testimony is not clearly erroneous in this case. Thus, even if the theft losses could somehow have been carried over from 1984 and 1985 into tax year 1986, the Tax Court's findings that taxpayers failed to show that any theft occurred are sufficient to support the Commissioner's disallowance of the deduction.
 
 D.
 
 16
 Taxpayers do not attack the Tax Court's ruling that the Commissioner properly applied the provisions of 26 U.S.C. § 6661 requiring an addition to tax of 25 percent of the amount of any underpayment of tax attributable to a substantial understatement of income tax. The addition to tax in this case was in the sum of $1,716.50, but taxpayers' brief does not mention 26 U.S.C. § 6661, nor does it refer even indirectly to the issue. Accordingly, this issue has been abandoned by petitioners on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992); McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 17
 In any event, the Tax Court properly sustained the Commissioner's determination that the addition to tax was appropriate. Taxpayers' deficiency of $6,866.00 exceeded both the $5,000 and the 10 percent of tax limitations of 26 U.S.C. § 6661(b), and the record contains no evidence showing that petitioners were entitled to the ameliorative provisions of section 6661(b)(2)(B).
 
 III.
 
 18
 For the reasons stated, the decision of the Tax Court is AFFIRMED in all respects.
 
 
 
 [1]
 Taxpayers claimed a casualty loss deduction of $39,000 for the year 1985 attributable to the court-ordered foreclosure sale of their home. The Tax Court concluded that petitioners were not entitled to such a deduction, and this court affirmed in an unpublished opinion. See Washington v. Commissioner, 60 T.C.M. (CCH) 258 (1990), aff'd, Washington v. Commissioner, 930 F.2d 919 (6th Cir. Apr. 11, 1991) (unpublished)