Carroll J. BELLIS and Mildred Bellis, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 74–1877.

United States Court of Appeals, Ninth Circuit.

July 26, 1976.

Leonard B. Hankins (argued), Long Beach, Cal., for petitioners-appellants.

James E. Crowe, Jr. (argued), Dept. of Justice, Washington, D. C., for respondent-appellee.

OPINION

Before CHAMBERS, and CHOY, Circuit Judges, and WILLIAMS,* District Judge.

SPENCER WILLIAMS, District Judge:

Appellants paid $52,000 for 18.18 shares of stock in New Pioneer Club, Inc. (NPC), a Nevada corporation. The transaction took place in California and was the direct result of appellants' reliance on representations by Norbert Jansen, President of NPC that NPC was a profitable company and a sound investment opportunity. The sale violated California Corporations Code § 25500 which requires a company selling securities of its own issue to obtain a permit from the state corporations commissioner. Sixteen months after the purchase, NPC filed for bankruptcy and appellants were unable to recover any of their investment. Appellants deducted the $52,000 from their following year's tax return as a theft loss. The Commissioner of Internal Revenue disallowed the deduction and issued a notice of deficiency in the amount of $36,052. Appellants contested this determination in Tax Court but were unable to persuade that Court that the investment loss was deductible as a theft under Internal Revenue Code § 165(e). See *Bellis v. Commissioner*, 61 U.S.T.C. 354.

It is fundamental that the law of the Jurisdiction where the loss is sustained determines whether a theft has occurred for purposes of Section 165(e). *Monteleone v. Commissioner*, 34 U.S.T.C. 688. Although felonious intent is not an essential ingredient in every crime it is a necessary element of theft as defined in Section 484 of the California Penal Code. Therefore, while the sale of securities may have been a crime under California Corporations Code § 26104, it does not amount to theft under California law absent a showing of criminal intent to deprive appellants permanently of their property. The Tax Court correctly concluded that "without evidence of guilty knowledge or intent on Jansen's part petitioners do not reach the threshold point of our broad definition of theft."

The Tax Court also concluded that there had been no theft by false pretenses. California Penal Code § 484 requires that the false representation be knowingly and designedly made. The Court's finding from the evidence that Jansen's representations about profitability of the company and the implied validity of the stock could have been made without actual knowledge of the truth is supported by the evidence, is not clearly erroneous, and should not be overturned. *Thomson v. Commissioner*, 406 F.2d 1006, 1010 (9th Cir. 1969).

Affirmed.