JOHN G. SCHMIDT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schmidt v. Commissioner
Docket No. 8370-87.
United States Tax Court
T.C. Memo 1989-188; 1989 Tax Ct. Memo LEXIS 185; 57 T.C.M. (CCH) 235; T.C.M. (RIA) 89188; April 26, 1989; As corrected April 26, 1989 *185 On his 1983 return, P offset wages he received as a steampipe fitter by claiming an itemized deduction in an equal amount for tools. Such deduction was for his body, which P claims is the "tool of his trade." On his 1984 return, P reported his wages but claimed that wages are not income. Held: For purposes of computing the understatement of income tax for purposes of section 6661, P did not provide sufficient information on his 1983 return to constitute adequate disclosure. For 1984, P did provide sufficient information on his return to constitute adequate disclosure. John G. Schmidt, pro se. Donald M. Brachfeld, for the respondent. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: In separate notices of deficiency, respondent determined deficiencies in petitioner's income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1) [1] *186 Sec. 6653(a)(2)
Sec. 6661
1983
$ 10,262.00
$   513.10
*
$ 2,565.50
1984
17,818.00
876.55
*
4,454.50
Respondent also moved for an award of damages to the United States pursuant to section 6673. The issues for decision are: (1) whether petitioner's wages constitute income; (2) whether petitioner is entitled to claim an exemption for his wife; (3) whether petitioner is entitled to a loss deduction with respect to investment property; (4) whether petitioner is liable for the additions to tax for negligence pursuant to section 6653(a); (5) whether petitioner is liable for the addition to income tax pursuant to section 6661(a) for substantial understatement of liability; and (6) whether damages should be awarded to the United States pursuant to section 6673. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and accompanying exhibits are incorporated herein by this reference. Petitioner resided in New Brunswick, New Jersey, at the time the petition was filed in this case. He is married, but he filed separately for both 1983 and 1984. His wife earned no income during the years in issue, and he provided over one-half of her support. Petitioner was employed as a steampipe fitter and received wages in the amount of $ *187 36,158.16 for 1983 and $ 55,512.48 for 1984. On his 1983 return, petitioner claimed an itemized deduction for tools in the amount of $ 36,158.16, the same amount as his wages. When questioned by the Court, petitioner stated that such deduction was for his body, which he contends is the "tool of his trade." On an amended 1983 return, which petitioner filed after receipt of the notice of deficiency for 1983, he deleted the deduction for "tools" but claimed he erred in reporting his wages because "wages are not income," and he claimed two exemptions rather than one. On his 1984 return, petitioner reported his wages but claimed his wages were not subject to taxation. Although petitioner claimed no deductions on his returns (except for the deduction for "tools" on his 1983 return), respondent acknowledges that he is entitled to itemized deductions of $ 3,679.72 for 1983 and $ 7,581.21 for 1984. At trial, petitioner claimed entitlement to a deduction for a loss incurred when a land deal in which he invested allegedly went bankrupt in 1983. In this regard, the record shows that on February 27, 1974, petitioner agreed to purchase, on a deferred basis, a lot located in Florida from Continental-Southeast *188 Land Corporation (Continental) for $ 7,021.84 (including interest). However, he ceased making payments on March 1, 1981; at that time, he had made total payments of approximating $ 5,426.00. In support of his claimed loss, petitioner submitted as an exhibit a "Final Default Judgment" rendered on March 10, 1981, by the Circuit Court of the Seventh Judicial Circuit in and for Putnam County, Florida. Petitioner was not a plaintiff in that case. The defendants included Continental; however, the Default Judgment was not entered against Continental, but referred to Continental as bankrupt. The Florida Circuit Court voided conveyances from Continental to the other defendants and ordered that all money and land be returned to the trustee in bankruptcy of Continental. In a letter dated March 23, 1983, the trustee in bankruptcy of Continental wrote to petitioner and stated, "In my judgment, the various contract vendees have been defrauded and will neither receive their money nor their lot[s]. * * * The administration of the bankruptcy case is, however, continuing with every effort being made to recover the contract vendee payments * * * If my attorneys are successful, a substantial dividend *189 should be paid to creditors. * * * Frankly, I am not hopeful that we will be successful. * * *" OPINION We dispose of the issue raised by petitioner that wages do not constitute income simply by stating that they do. Section 61(a)(1); Commissioner v. Glenshaw Glass Co.,348 U.S. 426 (1955); Brushaber v. Union Pacific Railroad,240 U.S. 1 (1916). Hence, the entire amount of wages petitioner received in 1983 ($ 36,158.16) and in 1984 ($ 55,512.48) constitutes income. The first issue of substance is whether petitioner is entitled to an exemption for his wife. Deductions are a matter of legislative grace, and petitioner bears the burden of proving entitlement to such deductions. New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934). Section 151(b) permits a taxpayer to claim an exemption for his spouse if a joint return is not made by the taxpayer and his spouse and if the spouse has no gross income and is not the dependent of another taxpayer for the year at issue. Petitioner has met his burden of proof with respect to this issue and, accordingly, we hold that he is entitled to an exemption for his wife. We next must decide whether petitioner is entitled to a deduction in 1983 *190 for the loss he contends he suffered as a result of his investment in the Florida lot. Section 165(a) allows a deduction for all uncompensated losses. However, for individual taxpayers, section 165(c) limits the loss deduction to: (1) losses incurred in a trade or business (sec. 165(c)(1)); (2) losses incurred in any transaction entered into for profit, though not connected with a trade or business (sec. 165(c)(2)); and (3) losses of property not connected with a trade or business or a transaction entered into for profit, if such losses arise from theft or casualty (sec. 165(c)(3)). Although petitioner did not specify the type of loss which gives rise to his claimed deduction, since he presented no evidence that the losses were incurred in connection with a trade or business or a transaction entered into for profit, we presume he claims such loss is deductible as a theft loss under section 165(c)(3). Theft losses are treated as sustained during the taxable year in which the taxpayer discovers the loss. Section 165(e). However, for purposes of section 165(c)(3), the determination as to whether a theft occurred is based on the law of the state in which the loss occurred. Sperzel v. Commissioner,52 T.C. 320, 328 (1969). *191 Essential elements of a theft are criminal intent and illegal acts under the law of the jurisdiction where the alleged theft occurred. Johnson v. United States,291 F.2d 908, 909 (8th Cir. 1961); see also Farcasanu v. Commissioner,436 F.2d 146, 1491 (D.C. Cir. 1970). The record with respect to a possible theft loss is far from satisfactory. The only evidence petitioner presented was the judgment rendered in a civil proceeding in 1981 involving Continental and a letter from the trustee in bankruptcy which addressed the possibility of recovery in 1983. Petitioner failed to identify what crime Continental committed, other than providing a general statement in the trustee's letter that petitioner was defrauded. In view of the inadequacy of the evidence, the fault for which must be borne by petitioner, we are compelled to hold that petitioner failed to prove entitlement to a theft loss in 1983. We next must determine whether petitioner is liable for the additions to tax under sections 6653(a)(1) and (a)(2) for negligence or intentional disregard of rules and regulations. Respondent's determination is presumptively correct and will be upheld unless petitioner rebuts that presumption. *192 Svedahl v. Commissioner,89 T.C. 245 (1987). Under section 6653(a), negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner,85 T.C. 934, 947 (1985). Petitioner stated that he did not intend to disregard the rules and regulations and thus, he asserts, he should not be liable for the additions to tax under section 6653. Even assuming that petitioner did not intend to disregard the rules and regulations, he did not act as a reasonable and ordinarily prudent person in claiming a deduction for the use of his body as a tool and in claiming that his wages do not constitute income. Thus, we sustain respondent's determination that petitioner is liable for the additions to tax pursuant to sections 6653(a)(1) and (a)(2). Respondent also determined that petitioner is liable for an addition to tax pursuant to section 6661 for each year at issue at a rate of 25 percent of the underpayment. Pallottini v. Commissioner,90 T.C. 498 (1988). Section 6661 authorizes an addition to tax when there is a substantial understatement of income tax in any given year. In determining the amount of the underpayment, *193 such amount is reduced by the amount of taxes withheld from petitioner's wages. Woods v. Commissioner,91 T.C. 88 (1988). An understatement is substantial if it exceeds the greater of $ 5,000 or 10 percent of the amount required to be shown on the return. The amount of the understatement is reduced by the portion of the understatement which is attributable to a taxpayer's treatment of an item if there is or was substantial authority for such treatment, or if the relevant facts affecting the item's tax treatment are adequately disclosed on the return or in a statement attached to the return. Sections 6661(b)(2)(B)(i) and (ii). Here, there is no question but that petitioner substantially understated his tax liability for both 1983 and 1984. Further, it is clear that no substantial authority existed for the positions taken by petitioner that his body is a deductible tool [2] or that wages do not constitute income. However, in determining the applicability of the addition to tax under section 6661, the amount of the understatement is reduced by that portion of the understatement which is attributable to an item (other than an item attributable to a tax shelter) "if the relevant facts *194 affecting the item's tax treatment are adequately disclosed on the return or in a statement attached to the return." Section 6661(b)(2)(B)(ii); section 6661(b)(2)(C). Because disclosure of items attributable to a tax shelter will not reduce an understatement, we pause for a moment to determine whether petitioner's tax protestor activities constitute a "tax shelter" within the purview of section 6661(b)(2)(C)(ii). We believe they do not. In Tweeddale v. Commissioner, 92 T.C.    (March 31, 1989), we held that the taxpayer's mail-order ministry was a tax shelter for purpose of section 6661(b)(2)(C)(ii). We based our decision therein, in part, on the fact that the taxpayer paid $ 1,200 to the organizer of the scheme for a set of documents which purportedly enabled the taxpayer to establish a tax-exempt church and to establish himself as a minister. The documents (which we found constituted a "plan or arrangement") were similar to those sold to other persons; thus, we found that Mr. Tweeddale "was *195 not a lone cowboy riding off on a wild stallion." Here, petitioner acted on his own intiative; he did not participate in a "plan or arrangement." Petitioner was the "lone cowboy" referred to in Tweeddale, who rode the tax protestor trail without the assistance of an organizational wagon train. Having decided that petitioner's tax protestor activities do not constitute a tax shelter, we now shall decide whether he adequately disclosed his positions on his 1983 and 1984 returns. Although the statute does not state what constitutes "adequate disclosure" of "relevant facts," the regulations amplify the two ways in which a taxpayer can satisfy the adequate disclosure standard under section 6661(b)(2)(B)(ii): disclosure in statements attached to the return, sec. 1.6661-4(b), Income Tax Regs., and disclosure on the return, sec. 1.6661-4(c), Income Tax Regs. Petitioner did not attach a statement to his return; hence, section 1.6661-4(b), Income Tax Regs., is not applicable. Section 1.6661-4(c), Income Tax Regs., provides that respondent may, by revenue procedure, prescribe the circumstances in which information provided on the return will constitute adequate disclosure for purposes of section 6661. *196 In accordance with such regulatory authority, respondent issued Rev. Proc. 84-19, 1984-1 C.B. 433, applicable to returns filed in 1984, and Rev. Proc. 85-19, 1985-1 C.B. 520, applicable to returns filed in 1985. These two revenue procedures set forth certain types of expenses and items which may give rise to potential tax controversies and the manner in which such expenses and items should be reported in order to constitute adequate disclosure. Neither the listing of "tools" on Schedule A of a return nor the notation that wages are not subject to income tax suffices as adequate disclosure under the revenue procedures. However, where a taxpayer fails to comply with the disclosure procedures set forth in the revenue procedures issued pursuant to section 1.6661-4(c), Income Tax Regs., the requirements of adequate disclosure on the return can nonetheless be met if the return provides sufficient information to enable respondent to identify the potential controversy involved. S. Rept. 97-494, 97th Cong., 2d Sess. 274 (1982). This standard of disclosure requires "greater disclosure than is necessary to avoid the six-year statute of limitations provided for in section 6501(e)(1)(A)." Staff *197 of Joint Comm. on Taxation, General Explanation of the Tax Equity and Fiscal Responsibility Act of 1982 at 218 (Comm. Print 1982). The disclosure required under section 6501(e)(1) has been held to require the production of a "clue" with respect to the omission of gross income. University Country Club, Inc. v. Commissioner,64 T.C. 460, 470 (1975), citing Colony, Inc. v. Commissioner,357 U.S. 28 (1958). On his 1983 return, petitioner simply deducted the entire amount of wages received as an expense for "tools." Assuming, arguendo, that such sufficed as a "clue," it clearly did not provide sufficient information to enable respondent to identify the potential controversy involved for purposes of satisfying the adequate disclosure standards under section 6661. On his 1984 return, petitioner identified the potential controversy, however lacking in merit, when he stated that wages do not constitute taxable income. Thus, petitioner's 1984 return did provide sufficient information to enable respondent to identify the potential controversy involved. Accordingly, we find petitioner liable for the addition to tax under section 6661 for 1983 but not liable for such addition for 1984. The *198 final issue for decision is whether damages should be awarded to the United States pursuant to section 6673. Section 6673 provides as follows: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $ 5,000 shall be awarded to the United States by the Tax Court in its decision. Damages, so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. On this particular record, we decline to award damages to the United States under section 6673. To reflect the foregoing and concessions by respondent, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.
*. 50 percent of the interest due on the entire underpayment. ↩
2. We disregard the so-called amended return petitioner filed for 1983 after he received the notice of deficiency from respondent. See secs. 1.6661-2(d)(2) and 1.6661-6(c)(2), Income Tax Regs.↩