985 F.2d 574
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John B. RIEDERICH; Carole M. Riederich, Petitioners-Appellants,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 91-70502.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 4, 1993.
Decided Feb. 8, 1993.
 
 Appeal from a Decision of the United States Tax Court; No. 14357-86.
 AFFIRMED.
 Before PREGERSON, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 John and Carole Riederich ("Taxpayers") took a $19,900 tax credit against their federal personal income taxes for 1979, 1980, and 1982 as the result of their investment of $13,000 in the so-called Entertainment Marketing Company, Incorporated ("EMCI") master tape leasing program, a sham tax shelter. The Internal Revenue Service ("IRS") disallowed the credit and assessed Taxpayers not only for the unpaid taxes but for additional interest, late fees, and penalties as well. Taxpayers conceded their liability for the unpaid taxes and statutory interest but challenged the remaining assessments in the Tax Court. Taxpayers lost on all points and now seek review in this court. We affirm.
 
 
 3
 * Although 26 U.S.C. § 7122 grants the IRS the authority to settle tax claims, "[t]he regulations and procedures for compromises under 26 U.S.C. § 7122 are the exclusive method of settling claims." Laurins v. C.I.R., 889 F.2d 910, 912 (9th Cir.1989). Thus, "an offer of compromise must be submitted on special forms prescribed by the Secretary, and an offer will not be considered to have been accepted until and unless the taxpayer is notified in writing of the acceptance." Id. As it is undisputed that Taxpayers failed to comply with the procedural dictates of the governing regulations in seeking a settlement of their tax liability, the Tax Court did not err in its ruling. See id.
 
 II
 
 4
 A taxpayer is not entitled to a theft loss deduction for purposes of 26 U.S.C. § 165(c)(3) unless he suffers a criminal taking of his property as defined by the law of the jurisdiction. Bellis v. C.I.R., 540 F.2d 448, 449 (9th Cir.1976). Theft loss deductions are ordinarily disallowed in tax shelter cases because taxpayers are deemed to receive what they bargained for when they invest in tax avoidance schemes, and cannot claim that their investments were stolen merely because the IRS subsequently disallows their claimed deductions. See Marine v. C.I.R., 92 T.C. 958, 978-79 (1989), aff'd without opinion, 921 F.2d 280 (9th Cir.), cert. denied, 112 S.Ct. 77 (1991); Knowles v. C.I.R., 61 T.C.M. (CCH) 1886, 1888 (1991); Secoy v. C.I.R., 53 T.C.M. (CCH) 1050, 1065 (1987), aff'd without opinion, 869 F.2d 1498 (9th Cir.1989).
 
 
 5
 The record before us supports the Tax Court's finding that Taxpayers knew up front that they were gambling on a tax shelter that the IRS might determine to be abusive, and there is no proof that EMCI engaged in any criminal misconduct in accepting Taxpayers' $13,000 investment. Under these circumstances, we find no error with respect to the Tax Court's ruling. Cf. Bellis, 540 F.2d at 449 (taxpayer not entitled to theft loss deduction for investment loss due to investee's fraud).
 
 III
 
 6
 The Internal Revenue Code ("Code") authorizes the imposition of a 5% surcharge on any underpayment of tax as a penalty for a taxpayer's negligent disregard of the relevant tax rules and regulations. 26 U.S.C. § 6653(a)(1). At the time in question, the Code also provided for the assessment of a 50% addition to the interest due on any such negligent underpayment. See former 26 U.S.C. § 6653(a)(1)(B). For purposes of these sections, "negligence" means the absence of due care, i.e., the failure to do what a reasonable and ordinarily prudent taxpayer would do under the circumstances. Sammons v. C.I.R., 838 F.2d 330, 337 (9th Cir.1988).
 
 
 7
 The facts amply support the Tax Court's determination that no reasonably prudent person could have believed there was any real economic substance to the EMCI scheme, or that an investor therein would be entitled to a flow-through investment tax credit of nearly $20,000 on a $13,000 investment. Moreover, Taxpayers' actions were inconsistent with their later contention that they acted prudently in investigating EMCI before investing in it. Under these circumstances, and in light of the authorities cited above, there was no error in the Tax Court's decision to uphold the IRS's imposition of negligence penalties under section 6653. See Hildebrand v. C.I.R., 967 F.2d 350, 353 (9th Cir.1992).
 
 IV
 
 8
 At the time in question, the Code provided for the imposition of a penalty equal to 10% of that portion of an underpayment attributable to a taxpayer's substantial understatement of his actual tax liability. See former 26 U.S.C. § 6661(a). A taxpayer substantially understates his income tax liability for purposes of this section when the amount of the understatement exceeds the greater of either 10% of the tax due or $5,000. See former 26 U.S.C. § 6661(b)(1)(A).
 
 
 9
 It is uncontested that Taxpayers' personal federal income tax liability for 1982 was $11,886 and that they reported no tax liability for that year. In light of the fact that Taxpayers' understatement exceeded both 10% of their actual tax liability and $5,000, the statutory criteria were met. See id. In the absence of any showing that Taxpayers had a "reasonable cause" for their understatement, see former 26 U.S.C. § 6661(c) (Secretary permitted to waive penalty upon taxpayer's showing of reasonable cause for understatement), the Tax Court did not err in upholding the imposition of this penalty.[1]
 
 V
 
 10
 A taxpayer who engages in a tax motivated transaction that results in the substantial underpayment of his tax liability is subject to an elevated interest rate which, at the time in question, amounted to 120% of the normal statutory rate. See former 26 U.S.C. § 6621(c)(1). A "tax motivated transaction" means, inter alia, "any sham or fraudulent transaction". See former 26 U.S.C. § 6621(c)(3)(A)(v). Cf. Hildebrand, 967 F.2d at 353 (upholding section 6621(c)(1) penalty where sham transaction lacked economic substance and was designed for tax benefits).
 
 
 11
 Taxpayers conceded at trial that EMCI was a fraud and the Tax Court agreed, finding it to be a "factual sham". Moreover, and as noted above, the Tax Court properly found that Taxpayers' alleged profit motive for investing in EMCI lacked credence. Under these circumstances, the Tax Court did not err in upholding the IRS's imposition of the additional interest penalty.
 
 VI
 
 12
 The Tax Court may impose damages whenever it appears that the taxpayer's position is frivolous or groundless. 26 U.S.C. § 6673(a). In light of the absence of any merit to any of the claims asserted by Taxpayers in their petition before the Tax Court, and taking into consideration the fact that the Tax Court has warned taxpayers in the past of its intention to award damages in tax shelter cases, the award of $1,500 in damages under section 6673 was not an abuse of the Tax Court's discretion.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Taxpayers' contention that the substantial understatement penalty could not be imposed for tax years 1979 and 1980 (because neither year's understatement exceeded $5,000) is irrelevant: no such penalty was imposed for either tax year