T.C. Memo. 2008-212

UNITED STATES TAX COURT

ELECTRIC PICTURE SOLUTIONS, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14156-05.              Filed September 8, 2008.

<u>Herman H. Pettegrove</u>, for petitioner.

<u>Aely K. Ullrich</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, <u>Judge</u>:  Respondent determined a $35,450 deficiency
in petitioner's Federal income tax for the taxable year ended
September 30, 1998.  The issue is whether petitioner is entitled
to a theft loss deduction under section 165 for an investment in

corporate shares that became worthless because of alleged fraud by the issuer and the stockbroker.[1]

The parties have stipulated some facts, which are so found. When the petition was filed, petitioner's principal office was in California.

FINDINGS OF FACT

At the heart of this case is petitioner's investment in common stock of Novatek International, Inc. (Novatek). Petitioner purchased Novatek shares on six occasions in 1995 and 1996, most recently on October 2, 1996. Petitioner purchased the shares through a stockbroker, Joseph Roberts & Co., Inc. (Roberts), with which petitioner had a history of doing business. Novatek's common stock was traded on the National Association of Securities Dealers Automated Quotations Small Cap Market System until October 14, 1996, when trading in the stock was suspended. On October 28, 1996, Novatek filed a voluntary petition for protection pursuant to chapter 11 of the Bankruptcy Code. When petitioner later attempted to sell its Novatek shares, there was no market for them.

On June 18, 1998, the U.S. Securities and Exchange Commission (SEC) filed a civil enforcement action against Novatek's successor in interest and Novatek's principals and

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year at issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

officers.  The complaint alleged that the defendants had committed a massive fraud on investors by, among other things, orchestrating a series of sham transactions, announcing highly profitable nonexistent contracts, and filing materially false and misleading financial statements.  Subsequently, without admitting or denying the SEC allegations, one of the individual defendants consented to the entry of a final judgment that imposed civil sanctions against him for his role in the Novatek matter and in a related fraud action.[2]

On its Form 1120, U.S. Corporation Income Tax Return, for the year ended September 30, 1998, petitioner claimed a $115,616 "fraud and embezzlement loss" under the category "Other deductions".[3]  Petitioner reported no capital gain net income on its Form 1120 and did not attach a Schedule D, Capital Gains and Losses.  In a notice of deficiency dated May 6, 2005, respondent disallowed the claimed theft loss deduction.[4]

---

[2] The record does not establish the consequences, if any, of the U.S. Securities and Exchange Commission's enforcement action as to any of the other defendants.

[3] On brief petitioner concedes that the $115,616 figure reflected a computational error in its cost basis for the Novatek stock and contends that the correct amount of loss is $110,583.55.  We deem petitioner to have conceded a corresponding amount of its claimed theft loss.

[4] The notice of deficiency is silent as to the proper characterization of the loss and provides for no tax benefit related to the loss.  The parties have stipulated, however, that "Respondent characterized the loss as a capital loss that may be

(continued...)

OPINION

Section 165(a) permits a deduction against ordinary income for "any loss sustained during the taxable year and not compensated for by insurance or otherwise." For this purpose, any loss arising from theft is treated as sustained during the taxable year in which the taxpayer discovers the loss. Sec. 165(e). Petitioner has the burden of proving it has sustained a theft loss.[5] See Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).

---

[4](...continued)
deducted in the year of loss, carried back three years and carried forward five years." On brief, respondent calculates the loss to be $110,512.10. As previously noted, petitioner contends that the amount of the loss is $110,583.55. Neither party has expressly addressed the amount, if any, of capital loss that is deductible in 1998. The record before us does not establish that petitioner is entitled to deduct any amount of capital loss in 1998, inasmuch as petitioner reported no capital gains in that year and the record does not otherwise establish that petitioner had any capital gains for that year. See sec. 1211(a). Consequently, we do not take literally the stipulation that respondent has characterized petitioner's loss as a capital loss "that may be deducted in the year of loss". Because we do not have before us the preceding or subsequent tax years in which petitioner might be eligible to claim a capital loss carryback or carryover, and because, as discussed infra, we hold that petitioner has not established that it sustained a theft loss, we need not and do not in this proceeding undertake to resolve the parties' relatively small difference as to the amount of the loss.

[5] Petitioner does not claim and has not established that the conditions of sec. 7491(a) have been met to shift the burden of proof to respondent with regard to any factual issue as to petitioner's liability for tax.

Whether a theft loss has been sustained depends upon the law of the State where the loss was sustained. Bellis v. Commissioner, 540 F.2d 448, 449 (9th Cir. 1976), affg. 61 T.C. 354 (1973); Luman v. Commissioner, 79 T.C. 846, 860 (1982); Paine v. Commissioner, 63 T.C. 736, 740 (1975), affd. without published opinion 523 F.2d 1053 (5th Cir. 1975). The parties agree that California law applies in determining whether a theft occurred with respect to petitioner's investment in Novatek stock. Cal. Penal Code sec. 484(a) (West 1999) provides:

> Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, * * * or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor or real or personal property * * * is guilty of theft. * * *

This criminal statute encompasses various larcenous offenses, including at least two varieties of theft involving alleged fraud. See People v. Ashley, 267 P.2d 271, 279 (Cal. 1954) (distinguishing theft by false pretenses and theft by trick or device). We need not concern ourselves with the technical distinctions among these larcenous offenses. Inasmuch as petitioner appears to allege theft involving fraud, for present purposes it is sufficient to observe that the following elements are essential under California law: (1) The perpetrator made a false pretense or representation which materially influenced the owner to part with his property, (2) the perpetrator did so knowingly with the intent to defraud the property owner, and

(3) the owner was actually defrauded.  Id. at 279, 282; People v. Traster, 4 Cal. Rptr. 3d 680, 686-687 (Ct. App. 2003); People v. Sanders, 79 Cal. Rptr. 2d 806, 810-811 (Ct. App. 1998).  Implicit in these elements is a relationship of privity between perpetrator and victim.  Crowell v. Commissioner, T.C. Memo. 1986-314.[6]

Generally, a taxpayer who purchases securities on the open market cannot support a claim of theft under California law because there is no privity between the perpetrator and the victim.  Marr v. Commissioner, T.C. Memo. 1995-250; Crowell v. Commissioner, supra; De Fusco v. Commissioner, T.C. Memo. 1979-230; cf. First Chicago Corp. v. Commissioner, T.C. Memo. 1995-109 (holding that the taxpayer was entitled to a theft loss with respect to an investment in newly issued shares of a foreign company where the stock purchase was not on an open market but from the company itself).  Petitioner has not alleged or established a purchaser-seller relationship between itself and Novatek.  Instead, at trial and on brief petitioner contends that it was defrauded by Roberts.  On brief petitioner argues:

---

[6] In certain narrow circumstances a theft loss deduction has been allowed where the taxpayer suffered a loss which arose indirectly from a theft between other parties.  See Boothe v. Commissioner, 768 F.2d 1140 (9th Cir. 1985) (allowing a theft loss deduction with respect to the taxpayer's purchase of nonexistent rights to land, even though the taxpayer was not the immediate purchaser from the fraudulent vendor), revg. 82 T.C. 804 (1984).  Petitioner has not alleged or established that it suffered a loss which arose from a theft between other parties.

"Clearly, Roberts was aware that it was making claims about the company in order to sell its stock." To support this allegation, petitioner asserts that statements made by Roberts's representative were "breaches of the stockbroker's duty of truth and fitness for his customer's portfolio." Petitioner alleges that Roberts was sued and lost in two separate arbitrations held before the National Association of Securities Dealers (NASD) with respect to complaints made by other investors.

The evidence is inadequate, however, to establish that Roberts or its agents had "guilty knowledge or intent". Bellis v. Commissioner, 61 T.C. at 357. Similarly, the evidence is inadequate to establish that Roberts or its agents made any false pretense or representation to petitioner with intent to deceive. See People v. Ashley, supra at 282. Neither the filing of the SEC complaint against Novatek and its principals nor the entry of judgment against one of these defendants establishes criminal intent on the part of Roberts or its agents. Similarly, petitioner's allegation that Roberts was unsuccessful in NASD arbitration proceedings involving other investors, even if true, does not establish that Roberts or its agents had the requisite criminal intent with respect to petitioner's investment in Novatek. See, e.g., Schmidt v. Commissioner, T.C. Memo. 1989-188 (judgment rendered in a civil proceeding was insufficient to

establish a theft loss), affd. without published opinion 891 F.2d 283 (3d Cir. 1989).

Moreover, petitioner has not shown that it was actually defrauded by Roberts or its agents, as required under Cal. Penal Code sec. 484(a), because it has not established that Roberts appropriated petitioner's property.  See Crowell v. Commissioner, supra; De Fusco v. Commissioner, supra; cf. First Chicago Corp. v. Commissioner, supra.  On brief petitioner alleges that the shares petitioner purchased were owned or controlled by Roberts, possibly as the lead underwriter or as the so-called market maker of the Novatek stock.  Petitioner has failed to prove this allegation by competent evidence.  Even if we were to assume, for purposes of argument, that Roberts was the lead underwriter or market maker of the Novatek shares, the evidence in the record would still be inadequate to establish the essential elements for theft under Cal. Penal Code sec. 484(a).

In sum, petitioner has failed to establish that a theft occurred under California law.  As a result, we hold that petitioner is not entitled to a theft loss deduction under section 165.

To reflect the foregoing,

Decision will be entered

for respondent.