T.C. Memo. 2021-46

UNITED STATES TAX COURT

RONNIE S. BAUM AND TERESA K. BAUM, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19567-19.

Filed April 27, 2021.

Adam T. Brewer, for petitioners.

Lesley A. Hale, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, Judge: Respondent determined deficiencies of $105,095 and

$14,402, additions to tax pursuant to section 6651(a)(1) of $27,593 and $9,850,

and accuracy-related penalties pursuant to section 6662(a) of $21,019 and $2,880

for 2015 and 2016 (years in issue), respectively. Unless otherwise indicated, all

[*2] section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

After respondent's concessions of the accuracy-related penalties, the issues for consideration are whether petitioners are:  (1) entitled to deductions for expenses as reported on Schedules C, Profit or Loss From Business, for the years in issue, (2) entitled to a theft loss deduction pursuant to section 165 for 2015, and (3) liable for additions to tax pursuant to section 6651(a)(1) for the years in issue.[1]

FINDINGS OF FACT

Some of the facts are stipulated and are so found.  Petitioners resided in California when they timely filed their petition.

During the years in issue petitioner wife was self-employed as a realtor.  Petitioner husband was self-employed as a consultant for Harrington Capital Partners, LLC (Harrington), which provided management, scientific, technical, and consulting services.  He was the owner and sole member of Harrington.  Petitioners filed Schedules C for petitioner wife's realty business and petitioner husband's business.  Their Schedules C claimed various deductions, including

---

[1] Petitioners are not contesting the disallowance of an itemized deduction of $2,952 for 2016.

[*3] some for meals and entertainment expenses, office expenses, and car and truck expenses. Respondent disallowed many of these deductions.

In 2010 petitioner husband was looking for new investment opportunities. He met Scott Zeilinger, who offered him the opportunity to invest in a business, Globe Protect, Inc. (Globe).

Effective June 19, 2012, Harrington entered into a stock purchase agreement with Christel Zeilinger, mother of Mr. Zeilinger, for the purchase of 100,000 shares of Globe for $150,000. Petitioners entered into a separate stock purchase agreement with Ms. Zeilinger to purchase an additional 100,000 shares of Globe for $150,000 on June 26, 2012.

On October 28, 2014, Mr. Zeilinger filed a voluntary petition for bankruptcy in the U.S. Bankruptcy Court for the Northern District of California. Creditors Angelica and Raul Relucio received a judgment in their favor in the bankruptcy court on February 11, 2016. The Relucios had purchased stock in Globe. The deadline for filing nongovernmental claims against Mr. Zeilinger was June 24, 2015.

The Trustee's Final Report filed on May 9, 2019, in Mr. Zeilinger's bankruptcy case shows a balance of $52,725. On August 2, 2019, the Chapter 7

**[*4]** Trustee's Final Account Distribution Report Certification and Final Decree were filed in the U.S. Bankruptcy Court for the Northern District of California.

The Schedule A, Itemized Deductions, attached to petitioners' 2015 Federal income tax return claimed a $300,000 theft loss deduction for their investments in Globe. For 2015 their income tax return was due on or before October 15, 2016, and they filed their 2015 income tax return on March 18, 2018. For 2016 their income tax return was due on or before October 15, 2017, and they filed their income tax return on May 4, 2018.

## OPINION

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving those determinations are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioners do not contend that the burden of proof should be shifted to respondent under section 7491(a), and the record does not suggest any basis for a shift.

Deductions are a matter of legislative grace, and a taxpayer must prove his or her entitlement to a deduction. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). To that end, taxpayers are required to substantiate each claimed deduction by maintaining

**[*5]** records sufficient to establish the amount of the deduction and to enable the Commissioner to determine the correct tax liability. Sec. 6001; see Higbee v. Commissioner, 116 T.C. 438, 440 (2001).

Schedule C Deductions

Section 162(a) allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred in carrying on a trade or business. Normally, the Court may estimate the amount of a deductible expense if a taxpayer establishes that an expense is deductible but is unable to substantiate the precise amount. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). This principle is often referred to as the Cohan rule. See, e.g., Estate of Reinke v. Commissioner, 46 F.3d 760, 764 (8th Cir. 1995), aff'g T.C. Memo. 1993-197.

Certain expenses specified in section 274 are subject to strict substantiation rules, such as travel expenses, including meals and lodging, and expenses pertaining to passenger automobiles. Sec. 274(d). To meet the heightened substantiation requirements, a taxpayer must substantiate the amount, time, and business purpose of the expense. Sec. 274(d); see also sec. 1.274-5T(b), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

**[*6]** Petitioners provided no evidence to support the deductions claimed on their Schedules C for the years in issue. Accordingly, respondent's disallowance of petitioners' Schedule C deductions is sustained.

Theft Loss Deduction

Section 165(a) allows a deduction for losses sustained during the taxable year and not compensated for by insurance or otherwise. In the case of an individual, a loss is deductible under section 165(a) only if the loss: (1) is incurred in a trade or business; (2) is incurred in a transaction entered into for profit; or (3) arises from other causes including casualty or theft. Sec. 165(c). The term "theft" is broadly defined to include larceny, embezzlement, and robbery. Sec. 1.165-8(d), Income Tax Regs.; see also Bellis v. Commissioner, 61 T.C. 354, 357 (1973), aff'd, 540 F.2d 448 (9th Cir. 1976). Normally, a loss will be regarded as arising from theft only if there is a criminal element to the appropriation of the taxpayer's property. See Edwards v. Bromberg, 232 F.2d 107, 110 (5th Cir. 1956).

In order to deduct a theft loss, the taxpayer must prove (1) that a theft occurred, under the law of the jurisdiction wherein the alleged loss occurred, Monteleone v. Commissioner, 34 T.C. 688, 692 (1960); (2) the amount of the loss; and (3) the date the taxpayer discovered the loss, see sec. 165(e); Elliott v.

**[*7]** <u>Commissioner</u>, 40 T.C. 304 (1963).  The taxpayer bears the burden of proving by a preponderance of evidence that a theft actually occurred.  <u>Jones v. Commissioner</u>, 24 T.C. 525, 527 (1955).

Petitioners' alleged theft occurred in California.  Certain requirements must be met under California law for a theft to have occurred.  Cal. Penal Code sec. 484(a) (West Supp. 2004) provides:

> Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him or her, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor or real or personal property * * * is guilty of theft. * * *

This statute consolidates the historic categories of larceny, theft by false pretenses, and embezzlement into the general crime of theft.  <u>People v. Gonzales</u>, 392 P.3d 437, 441-442 (Cal. 2017).  Proving a theft requires evidence meeting the elements of one of the consolidated offenses.  <u>Id.</u> at 442.

Petitioners argue that they suffered losses from "fraud in inducement", which would fall under the category of theft by false pretenses.  In California, theft by false pretenses requires the following elements:  "(1) the defendant made a false pretense or representation to the owner of property; (2) with the intent to defraud the owner of that property; and (3) the owner transferred the property to

**[*8]** the defendant in reliance on the representation." <u>People v. Williams</u>, 305 P.3d 1241, 1248 (Cal. 2013) (quoting <u>People v. Wooten</u>, 52 Cal. Rptr. 2d 765, 770 (Ct. App. 1996)).

Intent to defraud is a question of fact to be determined from all the circumstances of the case and usually must be proved circumstantially. <u>People v. Fujita</u>, 117 Cal. Rptr. 757, 765-766 (Ct. App. 1974). Courts must examine the evidence to determine whether an alleged thief behaved in a manner consonant with an intent to defraud; a record establishing a mere ordinary breach of contract or fiduciary duty will be insufficient to support a finding of a party's intent to defraud. <u>See</u> <u>People v. Ashley</u>, 267 P.2d 271, 282 (Cal. 1954).

According to petitioner husband's testimony, his decision to invest in Globe was based upon more than Mr. Zeilinger's representations. He testified that he had learned from conversations with Mr. Zeilinger that Globe had technology that would purify, disinfect, and desalinate water. Before investing in Globe, petitioner testified, he had reviewed patents owned by Globe held by the U.S. Patent and Trademark Office. He further testified that he had viewed a demonstration of Globe's technology.

Petitioner also testified that before investing in Globe he had reviewed letters of intent purported to be from individuals interested in acquiring Globe or

[*9] its technology.  He further testified that he spoke with the individuals who had sent the letters of intent to confirm their interest in purchasing Globe.  His testimony indicates that Globe would be sold for $50 million, giving him a 300% return.

Petitioners provided records of communications between Mr. Zeilinger and petitioner husband about the investments in Globe.  However, petitioners did not provide specific evidence that Mr. Zeilinger's representations were false or that they were made with the intent to defraud.  The only evidence of fraud that petitioners offered was petitioner husband's testimony at trial.  Petitioners have not proved that there was a theft meeting the elements of theft by false pretenses under California law.

Even if a theft pursuant to California law had occurred, petitioners would not be entitled to a theft loss deduction because they do not meet all the requirements of section 165(e).  To deduct a theft loss, the taxpayer must also establish the amount of the loss and the year in which the loss was sustained.  See sec. 1.165-1(c) and (d)(1), Income Tax Regs.  A loss arising from theft is generally treated as "sustained during the taxable year in which the taxpayer discovers such loss."  Sec. 165(e).  If in the year of discovery the taxpayer has a "reasonable prospect of recovery" on a claim for reimbursement, the loss will not be sustained

**[*10]** until "the taxable year in which it can be ascertained with reasonable certainty whether or not such reimbursement will be received." Sec. 1.165-1(d)(3), Income Tax Regs.

Whether a reasonable prospect of recovery exists is a question of fact to be determined upon an examination of all facts and circumstances. Sec. 1.165-1(d)(2)(i), Income Tax Regs. "A reasonable prospect of recovery exists when the taxpayer has bona fide claims for recoupment from third parties or otherwise, and when there is a substantial possibility that such claims will be decided in his favor." Ramsay Scarlett & Co. v. Commissioner, 61 T.C. 795, 811 (1974), aff'd, 521 F.2d 786 (4th Cir. 1975). The determination as to whether there is a reasonable prospect of recovery is based primarily on objective factors; the taxpayer's subjective belief may also be considered, but it is not the sole or controlling criterion. Id. at 811-812; see also Jeppsen v. Commissioner, 128 F.3d 1410, 1418 (10th Cir. 1997), aff'g T.C. Memo. 1995-342.

Petitioners have not proved that there was no reasonable prospect of recovery of their investments in 2015. At the end of 2015 Mr. Zeilinger's bankruptcy proceedings were ongoing. Petitioner husband testified that he had learned about Mr. Zeilinger's bankruptcy from other investors in Globe. He filed a proof of claim in Mr. Zelinger's bankruptcy case on June 24, 2015.

[*11] Additionally, petitioner husband testified that he had contacted an attorney about suing Mr. Zelinger, but no lawsuit was filed. He further testified that he was a witness in Mr. Zelinger's bankruptcy proceedings for other investors who were seeking to recoup their losses.

The Relucios, who filed a bankruptcy claim in 2015, received a judgment in their favor in 2016. Mr. Zeilinger's bankruptcy proceedings did not conclude until 2019, when the Trustee's Final Report was filed. Petitioners could not have known in 2015 whether Mr. Zeilinger had sufficient assets to allow them to recover their investments in Globe. We sustain respondent's disallowance of petitioners' theft loss deduction under section 165(a).

Alternative Arguments

In their posttrial brief petitioners raise for the first time two arguments in the alternative for the deductibility of the amounts they invested in Globe. Petitioners argue first that they should be deductible under section 165(c),[2] and second that they should be deductible under section 165(g) as worthless securities. Petitioners' new arguments are untimely. A party may not raise an issue for the first time on brief if the Court's consideration of the issue would surprise and

---

[2] Although petitioners quote sec. 165(c)(1), they cite sec. 165(c)(2). We address both sec. 165(c)(1) and (2).

[*12] prejudice the opposing party. See Smalley v. Commissioner, 116 T.C. 450, 456 (2001). Petitioners did not give fair warning to respondent of their intention to raise alternative arguments. See Pagel, Inc. v. Commissioner, 91 T.C. 200, 212 (1988), aff'd, 905 F.2d 1190 (8th Cir. 1990).

If petitioners' alternative arguments were before the Court, they would fail. Section 165(c)(1) allows individuals a deduction for losses incurred in a trade or business. An investor is not considered to be in a trade or business with respect to his or her investment activities. King v. Commissioner, 89 T.C. 445, 459 (1987); Purvis v. Commissioner, T.C. Memo. 1974-164, aff'd per curiam, 530 F.2d 1332 (9th Cir. 1976). Petitioners were self-employed as a realtor and a consultant. Petitioner husband testified that Globe might eventually hire him. Petitioners have produced no evidence that petitioner husband started working for Globe or that his involvement with Globe constituted anything more than investing. Therefore, petitioners do not meet the requirements that would allow them a deduction under section 165(c)(1).

Section 165(c)(2) allows individuals a deduction for losses incurred in any transaction entered into for profit, regardless of whether the loss was connected with a trade or business. Where "there exists a claim for reimbursement with respect to which there is a reasonable prospect of recovery," no portion of a loss

[*13] claimed pursuant to section 165(c)(2) is treated as having been sustained "until it can be ascertained with reasonable certainty whether or not such reimbursement will be received." Sec. 1.165-1(d)(2)(i), Income Tax Regs.; see also Bunch v. Commissioner, T.C. Memo. 2014-177. Petitioners have not proved that there was no reasonable prospect of recovery in 2015. They do not meet the requirements for a deduction under section 165(c)(2).

Section 165(g)(1) provides that, "[i]f any security which is a capital asset becomes worthless during the taxable year, the loss resulting therefrom shall * * * be treated as a loss from the sale or exchange, on the last day of the taxable year, of a capital asset." For purposes of section 165(g), the term "security" means "a share of stock in a corporation", the "right to subscribe for, or to receive, a share of stock in a corporation", or a bond or other evidence of indebtedness issued by a corporation or a governmental entity. Sec. 165(g)(2). Petitioners offered no evidence to support the contention that their Globe shares became worthless in 2015. They do not meet the requirements for a deduction under section 165(g).

Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax if the taxpayer fails to file his or her income tax return by the required due date (including any extension of time for filing). A taxpayer has the burden of proving that failure to timely file was due

**[\*14]** to reasonable cause and not willful neglect.  See sec. 6651(a)(1); Higbee v. Commissioner, 116 T.C. at 447.

Under section 7491(c) the Commissioner bears the burden of producing evidence with respect to the liability of the taxpayer for any additions to tax.  See Higbee v. Commissioner, 116 T.C. at 446-447.  For both years in issue petitioners filed their income tax returns after the due date.  Therefore, respondent's burden of production has been met.  Petitioners did not establish that their failure to file was due to reasonable cause.  Accordingly, the section 6651(a)(1) addition to tax is sustained for each of the years in issue.

We have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

Decision will be entered under

Rule 155.