*Decision will be entered under Rule 50.*

THOMAS F. GURRY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 55294.   Promulgated April 26, 1933.

*Oscar Wagner, Esq.*, for the petitioner.
*Prew Savoy, Esq.*, for the respondent.

OPINION.

GOODRICH: Petitioner seeks a redetermination of a deficiency of $592.29 in income taxes for the year 1928. There is but one issue, namely, whether petitioner may deduct from his income $900 paid by him to his attorney for services rendered in recovering an award compensating him for seizure of his automobile. The stipulation submitted by the parties we adopt as our findings of fact, making but a brief statement thereof for the purposes of this report.

During the summer of 1914 petitioner, accompanied by his family, was on tour with his automobile in Germany. Immediately upon the outbreak of the war the car was seized by the German Government. After making various unsuccessful efforts toward redress during the ensuing 13 years, in 1928 petitioner was paid $3,393.81, the net amount of an award made him by the Mixed Claims Commission, United States and Germany. Of this payment, $2,000

represented the value of the automobile and $1,393.81 was interest thereon. Shortly thereafter petitioner paid his attorney $900 as a fee for his services in the matter.

At trial, counsel for the respondent conceded that the item of $2,000 should be eliminated from petitioner's income as he had determined it, and counsel for petitioner conceded that the item of interest, $1,393.81 should be included in income; thus leaving for our determination only the issue as to the deductibility of the $900 fee paid by petitioner to his attorney. Respondent maintains that this fee is not deductible or, in the alternative, that there may be deducted only a part of it, based on the ratio between the amount of capital recovered and the amount of interest awarded thereon. Petitioner contends that the whole of the fee is deductible, either as an expense incurred in connection with a casualty under section 23 (e), Revenue Act of 1928, or as a necessary cost of acquiring income, and, further, that no allocation of it should be made for the reason that the taking of any part of it from the principal of the award would create a capital loss to that extent.

In our opinion, the fee is not deductible from petitioner's income. The statute—section 23, Revenue Act of 1928—specifically enumerates the deductions from gross income allowable in computing net income for the purposes of the tax, and must be strictly construed. *Cornell* v. *Coyne*, 192 U. S. 418.

Petitioner concedes that the fee paid was not an expense of carrying on his trade or business; therefore it is not deductible under paragraph (a) of that section, nor under paragraph (e) (1) covering losses incurred in business. Nor do we think it deductible under paragraph (e) (3) as a loss arising from a casualty. The seizure by the German Government by which petitioner was deprived of his car was not a casualty of the sort contemplated by the statute. As the term is used, and as it is defined, it would seem to include only those incidents similar to fire, storm, or wreck. *Alice P. Bachoffen von Echt*, 21 B. T. A. 702. Consequently, even assuming that an attorney's fee could be part of a loss resulting from a casualty, we can not so classify it in the case at bar. No other statutory provision under which the fee might be held to be deductible has been suggested, nor do we find any. It need not be argued that an expense is not necessarily deductible because incurred in acquiring income.

We conclude that this fee was no more than a personal expense to petitioner, for the deduction of which the statute makes no provision. His property had been taken from him; it was to his interest to recover it or compensation for it. In taking the action he did he was only protecting and conserving his property—a

burden which falls upon every property owner—and the expense of doing so falls upon him. *Mary W. Leach*, 16 B. T. A. 781; affd., 50 Fed. (2d) 371; *A. C. Barnes*, 21 B. T. A. 690; *Clara Hill Lindley*, 26 B. T. A. 741; affd., 63 Fed. (2d) 807; *Grace McBride Crile*, 26 B. T. A. 1020; *R. E. Nail et al., Executors*, 27 B. T. A. 33.

In this view of the case it is unnecessary to discuss the matter of allocation of the fee between the principal of the award and the interest thereon, since no issue is raised concerning a capital loss.

*Judgment will be entered under Rule 50.*