Nona R. JOHNSON, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16376.

United States Court of Appeals
Eighth Circuit.

June 30, 1961.

Rehearing Denied Aug. 2, 1961.

See, also, 291 F.2d 910.

Nona R. Johnson, Denver, Colo., pro se.

Lloyd J. Keno, Atty., Dept. of Justice, Washington, D. C., for appellee.

Charles K. Rice, Asst. Atty. Gen., and Lee A. Jackson, I. Henry Kutz, Attys. Dept. of Justice, Washington, D. C., Fallon Kelly, U. S. Atty., and Hyam Segell, Asst. U. S. Atty., St. Paul, Minn., was with him on the brief.

Before JOHNSEN, Chief Judge, and MATTHES and BLACKMUN, Circuit Judges.

PER CURIAM.

Ray C. Johnson and Nona R. Johnson, husband and wife, sued for refund of the income taxes paid by them on their joint return for the year 1951, in the sum of $989.74. The jury returned a verdict for the Government, and the court entered judgment thereon. The wife, Nona R. Johnson, engaging in self-representation, has taken this appeal.

The suit was predicated on contentions that business losses were sustained by the husband during the year 1952, which were entitled to be used as a carry-back in deduction for the year 1951; that these losses exceeded the amount of the Johnsons' net income for the year 1951; and that they were accordingly entitled to a refund of the $989.74 which they had paid in taxes for that year.

The pertinent provisions of the applicable revenue statutes were that, "If for any taxable year beginning after December 31, 1949, the taxpayer has a net operating loss, such net operating loss shall be a net operating loss carry-back for the preceding taxable year"; that "the term 'net operating loss' means the excess of deductions allowed by this chapter over the gross income, with the

exceptions, additions, and limitations provided in subsection (d)"; but that the exceptions, additions, and limitations provided in subsection (d) "shall not apply with respect to deductions allowable for losses sustained after December 31, 1950, in respect of property, if the losses arise from fire, storm, shipwreck, or other casualty, or from theft". Internal Revenue Code of 1939, 26 U.S.C. 1952 ed., § 122, subsections (b) (1) (B), (a), and (d) (5), respectively.

What the Johnsons principally relied on as a deductible loss under the foregoing provisions was an alleged theft of some equipment, machinery, and a truck of the husband's retail tire business, and of the funds in his bank account. The alleged theft consisted in the facts that a local bank, which had made a loan to the business, had taken possession, after the loan became due, of the property in question as constituting security under its chattel mortgage, and had also made application upon its indebtedness of the funds then deposited in the husband's bank account.

There was a provision in the chattel mortgage which authorized the mortgagee, after the indebtedness became due and was not paid on demand, to enter upon the premises where the security was located and take possession of it, without notice. The bank, after thus obtaining possession of the property, brought suit upon its note indebtedness; had judgment entered under the cognovit provision of the note; engaged in formal foreclosure as to the security; and had the property sold at a judicial sale. The Johnsons filed objections to the validity of these proceedings on the ground that the bank had improperly seized the property. The Colorado state court rejected their objections and made approval of the sale.

In the suit here, notwithstanding this judicial approval of the proceedings had, the trial court liberally permitted the Johnsons to have all the facts in relation to the bank's seizure of the mortgaged property, and as to the appropriation made by it of the funds in the bank account, submitted to the jury, for determination of whether this had constituted a theft. In its instructions, however, it told the jury that there would not be a theft, unless a felonious taking and removal of the property had occurred; and that the Johnsons had the burden of establishing that they were rightfully entitled to the property and that the bank in its seizure thereof had had a criminal intent to deprive them of such right.

The court also further instructed generally that a foreclosure by a bank on property to enforce its security rights on overdue notes does not involve stealing, and similarly that neither would the application by a bank of money on deposit with it as payment of a depositor's overdue notes involve stealing or a theft.

Appellant complains of the instruction requiring criminal intent to have been shown on the part of the bank. But for purposes of income tax deduction, "losses * * * from theft" consist only of takings and deprivations in which the element of criminal intent has been involved. Edwards v. Bromberg, 5 Cir., 232 F.2d 107, 62 A.L.R.2d 565. See also Annotation, 62 A.L.R.2d at pages 572 and 578.

As a second basis for recovery, the Johnsons also asserted that there had been a net operating loss in the conduct of the husband's business for 1952. The court, with equal tolerance as on their first theory, permitted this contention too to be submitted to the jury for its determination, as a question on total day-to-day operations.

The jury found that no right to recover had been established by the Johnsons on either theory. On the record before us, this finding clearly was entitled to be made. Indeed, it is difficult to see how any other finding could have been made, or, if there had been, how such a finding could legally have been permitted to stand.

All that it can serve any purpose to say here is that the Johnsons were hospitably accorded the privilege of telling their

story to and having it given consideration by a jury; that every element of courtesy and patience was exercised toward them and they were given all the incidents of a fair trial; and that the proceedings cannot be said to contain any error entitling us to make reversal.

It might be added that, while appellant's various contentions before us are wholly without any merit, we have not, in the circumstances of her self-representation, made dismissal of her appeal as being legally frivolous, as we would have been prompted to do, had it been one that was being handled by an attorney.

The judgment is affirmed.