WILLIAM J. POWERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 88627. Filed September 29, 1961.

*William J. Powers*, pro se.
*James Booher, Esq.*, for the respondent.

1192

## OPINION.

OPPER, *Judge:* It seems clear that the confiscation of petitioner's automobile by officials in East Germany acting under color of legal authority, arbitrary and despotic as it may have been, could not have been a "theft" for tax deduction purposes. *Johnson* v. *United States,* 291 F. 2d 908, 909 (C.A. 8, 1961).

"[L]osses * * * from theft" consist only of takings and deprivations in which the element of criminal intent has been involved. [*Johnson* v. *United States, supra.*]

Petitioner offers some suggestion that his loss was a "casualty" in any event. Assuming that that change of position is now open to him, it is of no assistance. What happened was not like a "fire, storm or shipwreck." Sec. 23(e)(3), I.R.C. 1939. It did not embody the requisite element of "chance, accident or contingency." *Alice P. Bachofen von Echt*, 21 B.T.A. 702, 709 (1930). The deduction was not permissible either as a theft or as a casualty. *Weinmann* v. *United States*, 278 F. 2d 474 (C.A. 2, 1960). Petitioner's loss, though unfortunate, "was no more than a personal expense to petitioner, for the deduction of which the statute makes no provision." *Thomas F. Gurry*, 27 B.T.A. 1237, 1238 (1933).

*Decision will be entered for the respondent.*