RICHARD A. and LIANA M. HILL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hill v. Commissioner
Docket No. 10645-75.
United States Tax Court
T.C. Memo 1978-98; 1978 Tax Ct. Memo LEXIS 418; 37 T.C.M. (CCH) 447; T.C.M. (RIA) 780098; March 9, 1978, Filed Richard A. Hill, pro se Kenneth W. McWade and Michael R. McMahon, for the respondent SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1973 in the amount of $297.88. The issues for decision are whether respondent properly disallowed all or any part of the $1,098.85 medical expense deduction claimed by petitioners and the casualty loss deduction of $995.95 claimed by petitioners. FINDINGS OF FACT
*419 Petitioners, husband and wife, resided in Lakeview, Washington at the time of the filing of their petition in this case. They filed a joint Federal income tax return for the calendar year 1973. In 1972, petitioners were residing in the State of Maine. At that time Mr. Hill (hereinafter referred to as petitioner) was employed by the United States Post Office Department. On December 19, 1972, petitioner was admitted to the Maine Medical Center in Portland, Maine with the complaint that he thought people were trying to kill him while he was working at the Post Office. His problem was diagnosed as paranoid schizophrenia. Under treatment petitioner improved, and on December 28, 1972, he was released from the hospital, stating to personnel at the hospital that he and his wife planned to move to Florida. The total charges incurred by petitioner during his stay at the Maine Medical Center in December 1972 were $822.15. Petitioner had hospital insurance through his position at the Post Office Department, but his hospital bill was not paid through such insurance and it was petitioner's understanding that his insurance did not cover treatment for the illness for which he was hospitalized. *420 During the months January through May 1973, petitioner paid with checks drawn on his personal checking account the entire $822.15 charges he incurred in late 1972 at the Maine Medical Center. He was never reimbursed for any portion of these payments through his hospital insurance. When petitioner was released from the Maine Medical Center he feared that if he stayed in Maine his life might be in danger. Therefore, on December 29, 1972, he and his wife left Maine and went to Florida. At the time petitioners left Maine they were renting a house. Approximately 6 months prior to leaving Maine, petitioners had purchased furniture and appliances for this house at a total cost of $1,095.95. When petitioners left Maine, they left the furniture and appliances in the house and never returned to Maine to move their property nor made any arrangements to have the property sent to them. Petitioners, on their Federal income tax return for 1973, claimed total medical expenses and hospital insurance payments of $1,319.46 which they reduced by $220.61, representing 3 percent of the adjusted gross income reported on their tax return, leaving a claimed medical expense deduction of $1,098.85. *421 On their return petitioners claimed a casualty loss of $1,095.95 which they showed not to be compensated by insurance but did reduce by $100, leaving a claimed casualty loss deduction of $995.95. Respondent in his notice of deficiency disallowed petitioners' claimed medical expense deduction and casualty loss deduction in full with the explanation that petitioners did not "furnish information to support the claimed deductions." OPINION The evidence clearly shows that petitioner, during 1972, incurred medical expenses for treatment at the Maine Medical Center of $822.15. Respondent does not now dispute this fact, but stipulated that petitioner incurred the medical expenses in 1972. The issue between the parties is whether petitioner did in fact pay in 1973 the hospital bill which he incurred at the Maine Medical Center in 1972 and, if he did pay this bill, whether he was reimbursed for his payment by insurance. Although the evidence offered in this case is not as clear as it might be, on the basis of the record as a whole we conclude that petitioner in 1973 did in fact pay the $822.15 of medical expenses he incurred at the Maine Medical Center in 1972 and was not reimbursed *422 for these payments by insurance or otherwise.Petitioner has totally failed to support any medical expense payments in 1973 other than the $822.15. Insofar as this record shows, petitioner carried no hospital insurance in 1973. He apparently had hospital insurance in 1972 while he was working for the Post Office Department, but did not show that he carried any insurance in 1973. Likewise, petitioners failed to show that they paid any medical expenses in 1973 except the $822.15 hospital bill. We therefore hold that petitioners paid medical expenses in 1973 of $822.15 and are entitled to a medical expense deduction of this amount less the $220.61 which represents 3 percent of their adjusted gross income, or $601.54. Petitioners have totally failed to show that they are entitled to deduct the cost of the furnishings which they left in Maine when they went to Florida as a casualty loss or under any other section of the Code. Petitioners have failed to show the value of the furnishings at December 29, 1972, when they left them in the house and went to Florida. Obviously, used appliances and furniture would not have a value equal to their cost. Furthermore, petitioners apparently *423 left the furnishings in 1972 without plans to take them to Florida or to have them shipped to them in Florida. On these bases alone we would conclude that petitioners were not entitled to the claimed casualty loss deduction in 1973. However, even if petitioners had left for Florida in the year 1973 and had established the value of the furnishings at the time they were left in Maine, we would nevertheless conclude that they are not entitled to a deduction in 1973 for the value of the furnishings. Section 165(a), I.R.C. 1954, [1] provides for the allowance of deductions for losses sustained during a taxable year and not compensated for by insurance or otherwise. Section 165(c) limits the deductible losses sustained by individuals to losses incurred in a trade or business or in any transaction entered into for profit though not connected with a trade or business and "losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft." Clearly, personal furnishings are in no way connected with a taxpayer's trade or business or a transaction entered into for profit. Likewise, the record here is clear that no *424 theft of any of petitioners' furnishings occurred. Therefore, if petitioners are to be entitled to any part of the deduction they claimed, it must be shown that their leaving of the property in Maine was an "other casualty" within the meaning of section 165(c). We have held that the term "other casualty" must be defined in connection with the words "fire, storm, shipwreck" immediately preceding it. Durden v. Commissioner,3 T.C. 1, 3 (1944). In this context, in order for an event to constitute a casualty the event must involve the application of a destructive force which must be the proximate cause of the loss. See White v. Commissioner,48 T.C. 430 (1967). We have therefore consistently held that losses resulting from the loss or mere disappearance of property are not casualty losses. Smith v. Commissioner,10 T.C. 701 (1948); Marx v. Commissioner,13 T.C. 1099, 1107 (1949), affd. 179 F.2d 938 (1st Cir. 1950). In Powers v. Commissioner,36 T.C. 1191, 1193 (1961), we *425 held that a loss by a taxpayer of his personal automobile because of its seizure by officials in Eastern Germany was not deductible as a casualty loss, stating: What happened was not like a "fire, storm or shipwreck." Sec. 23(e)(3), I.R.C. 1939. It did not embody the requisite element of "chance, accident or contingency." Alice P. Bachofen von Echt,21 B.T.A. 702, 709 (1930). The deduction was not permissible either as a theft or as a casualty. Weinmann v. United States,278 F.2d 474 (C.A. 2, 1960). Petitioner's loss, though unfortunate, "was no more than a personal expense to petitioner, for the deduction of which the statute makes no provision." Thomas F. Gurry,27 B.T.A. 1237, 1238 (1933). We hold that petitioners are not entitled to a casualty loss deduction in any amount for the year 1973 because of leaving their furniture in Maine when they left in 1972 for Florida. Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated.↩