**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SHAHRAM GOUHARI; CELESIA
GOUHARI; SHAHRIAR GOHARI; SARAH
G. GOHARI,
Plaintiffs-Appellants,

                               No. 98-2381

v.

UNITED STATES OF AMERICA,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CA-96-576-DKC)

Argued: May 5, 1999

Decided: June 7, 1999

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Charles Michael Tobin, Bobby L. Dexter, HOPKINS &
SUTTER, Washington, D.C., for Appellants. Patricia McDonald
Bowman, Tax Division, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Loretta C.
Argrett, Assistant Attorney General, Richard Farber, Lynne A. Bat-
taglia, United States Attorney, UNITED STATES DEPARTMENT
OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The plaintiffs, Shahram and Celesia Gouhari and Shahriar and Sarah Gohari, seek refunds of amounts paid for federal income taxes.* They claim a business loss deduction for the expropriation by the Iranian government of property inherited by Shahram Gouhari and Shahriar Gohari from their father, General Reza Gohari. After a non-jury trial, the district court rejected the refund claims. We affirm.

I.

General Gohari was a high-ranking officer in SAVAK, the Iranian secret police under the Shah. He was also a substantial landowner in pre-revolutionary Iran. He fled the country in 1978, before the Shah was deposed by the Ayatollah Khomeini in 1979. The general died in exile in 1987.

After the revolution, agents of the Gohari family continued to manage the family's property holdings until the Spring of 1980. At that time, control of the property was taken over by the Bonyad, an organization of the revolutionary government. The Gohari family never regained control of the property.

From July 1981 to August 1982 several revolutionary courts and prosecutors issued competing indictments against General Gohari. It appears that some of those proceedings may have resulted in orders of confiscation against his property. In May 1983 the First Branch of the Central Revolutionary Court found General Gohari guilty of holding a high office in SAVAK and of looting the national treasury. The First Branch instructed the Office of the Public Prosecutor to "order

_____
*Although they spell their last names differently, Shahram Gouhari and Shahrir Gohari are brothers.

2

all the movable and immovable properties of [General Gohari] to be identified and recorded until the necessary decision regarding the total sum that should be returned to the treasury can be adopted."

The First Branch, the Office of the Public Prosecutor, and the Bonyad subsequently determined that they lacked the authority to confiscate General Gohari's property. The matter was therefore referred to the Eleventh Branch of the Islamic Revolution Courts (Special Economic Division). In December 1991 that court issued a "Final and Binding" order of "confiscation of all the movable and immovable properties remaining from [General Gohari] and his first degree relatives that have received properties from him." It declared that because all the prior proceedings had been interlocutory, they were now null and void.

The plaintiffs, who live in the United States, claimed a federal income tax deduction for the loss of the Iranian properties that Shahram Gouhari and Shahriar Gohari inherited from their father. The Internal Revenue Code permits a deduction for certain losses that are not compensated for by insurance or otherwise. 26 U.S.C. § 165. For individual taxpayers, they are limited to (1) losses incurred in a trade or business, (2) losses incurred in a transaction entered into for profit, and (3) losses from casualty or theft. 26 U.S.C.§ 165(c). Because expropriation is not a casualty loss or theft, the plaintiffs must estab-lish that their losses were either incurred in a trade or business or in a for-profit transaction. Powers v. Commissioner , 36 T.C. 1191, 1193 (1961). They contend that although the Bonyad took control of the property in 1980, the Gohari family continued to own the property until the Eleventh Branch issued a final confiscation order in Decem-ber 1991. They argue that until the Eleventh Branch issued its final order, they had a reasonable expectation of recovering the property.

The district court rejected the plaintiffs' claims. It noted that con-fiscation for tax purposes occurs when the taxpayer is actually deprived of the benefits of ownership. See United States v. S.S. White Dental Mfg. Co., 274 U.S. 398, 402-03 (1927). The court found that General Gohari lost possession and control of the Iranian properties in 1980 and had no realistic hope of collecting any further revenues from them. It reasoned that the plaintiffs therefore did not inherit out-right ownership to the property in 1987, but merely some nominal

3

property interest in the confiscated land. The district court concluded that this property interest was neither an asset held in a trade or business nor an investment entered into for profit. It therefore ruled that the plaintiffs did not prove their entitlement to the loss deduction.

II.

After considering the parties' briefs, their oral arguments, and the record, we conclude that the district court correctly decided the issues before it. Accordingly, we affirm on the reasoning of the district court. See Gouhari v. United States, No. DKC 96-576 (D. Md. Aug. 5, 1998).

AFFIRMED

4